1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CARLSON,

          Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant.

No.  2:13-cv-0419 CKD

ORDER

     Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

     Plaintiff, born April 28, 1964, applied on February 1, 2010 for DIB, alleging disability beginning April 26, 2009.  Administrative Transcript ("AT") 110.  Plaintiff alleged he was unable to work due to congestive heart failure, diabetes, Charcot's arthropathy of the foot, and a defibrillator.  AT 126.  In a decision dated August 11, 2011, the ALJ determined that plaintiff

/////

1

was not disabled.[1]  AT 20-27.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2.  The claimant has not engaged in substantial gainful activity since April 26, 2009, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: cardiomyopathy status post ICD placement; diabetes mellitus; morbid obesity; and history of persistent neurotrophic ulceration of the bilateral feet, status post right third toe partial amputation and multiple debridements.

/////

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520,  404.1571-76,  416.920 & 416.971-76;  Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in [the regulations] except: he must be allowed the option to alternate sitting and standing at will; he must be allowed the option to elevate his legs at will; and he could occasionally perform postural activities, except that he is unable to climb ladders, ropes, and scaffolds.

6. The claimant is capable of performing past relevant work as an identification checker as he actually performed it. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 26, 2009, through the date of this decision.

AT 22-27.

ISSUES PRESENTED

Plaintiff argues that the ALJ erroneously found that he could perform his past relevant work.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

/////

3

1    The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th

2    Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

3    conclusion weighed.  <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

4    affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  <u>Id.</u>; <u>see</u>

5    <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

6    administrative findings, or if there is conflicting evidence supporting a finding of either disability

7    or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226,

8    1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

9    weighing the evidence.  <u>See</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

10    <u>ANALYSIS</u>

11    The primary argument advanced by plaintiff concerns the ALJ's analysis at step four of

12    the sequential evaluation.  At step four, the ALJ found that plaintiff's job of identification checker

13    constituted past relevant work because plaintiff had performed it within the past fifteen years, he

14    performed the job for a duration long enough to learn the job duties, and plaintiff's earning

15    records show that his countable monthly income constituted substantial gainful activity.  AT 25;

16    20 C.F.R. § 404.1560(b)(1).  There is no dispute that this job was performed within the past

17    fifteen years and that plaintiff had performed it long enough to learn the job duties.  Plaintiff

18    testified that he worked 28 hours per week, earning $8.75 per hour, or approximately $1,000 per

19    month, working as an identification checker at a club.   AT 41-42.  This amount exceeds the

20    threshold for substantial gainful activity.  20 C.F.R. § 404.1565.  Thus, the ALJ correctly

21    concluded that plaintiff's job of identification checker was past relevant work.

22    Plaintiff contends, however, that this job should not be considered past relevant work

23    because it was sheltered work and plaintiff was not therefore performing substantial gainful

24    activity.  The Social Security Act describes sheltered work as work "done under special

25    conditions," including simple tasks by a handicapped person under close and continuous

26    supervision, or where the employer pays more for the work than the value of the work that is

27    performed, in effect subsidizing the work.  20 C.F.R. § 404.1574(a)(2).  "The concept of

28    substantial gainful activity involves the amount of compensation and the substantiality and

4

gainfulness of the activity itself." Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990). "The mere existence of earnings over the statutory minimum is not dispositive." Id. "The claimant may rebut a presumption based on earnings with evidence of his inability to . . . perform the job well, without special assistance, or for only brief periods of time." Id. Among the factors to be considered are "how well the person is able to perform the work" and "special conditions under which the work is performed." Id. The regulations provide in pertinent part:

> We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level. If you are doing work that involves minimal duties that make little or no demands on you and that are of little or no use to your employer, or to the operation of a business if you are self-employed, this does not show that you are working at the substantial gainful activity level.

20 C.F.R. § 404.1573(b). The regulations further provide that work performed under special circumstances might not be considered substantial gainful activity. 20 C.F.R. § 404.1573(c). Among factors that may be considered in making this determination are situations in which:

> (1) You required and received special assistance from other employees in performing your work;
>
> (2) You were allowed to work irregular hours or take frequent rest periods;
>
> (3) You were provided with special equipment or were assigned work especially suited to your impairment;
>
> (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
>
> (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
>
> (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573(c).

/////

5

The ALJ specifically considered these factors in determining plaintiff had performed substantial gainful activity.  AT 26.  Although noting that plaintiff's disability was accommodated by being given the option to sit and elevate his legs, the ALJ noted substantial work services were provided to the employer in verifying identification, plaintiff did not need frequent work breaks, did not need special equipment, did not need an irregular work schedule, did not need assistance from other employees to perform his job and did not work at a lower standard of productivity.  Although there is some evidence that plaintiff was accommodated based on his twelve year employment history with the club (AT 37), considering the record as a whole, the ALJ's conclusion that plaintiff's job as identification checker was not sheltered work activity is supported by substantial evidence.

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."  Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).  "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work."  Pinto, 249 F.3d at 844-45.  The claimant must be able to perform: (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  Id. at 845 (citing S.S.R. 82-61).  Although plaintiff was no longer employed because the club closed, plaintiff also testified that he could still perform the job if that position were still available.  AT 38.  The ALJ appropriately developed the record by thoroughly examining plaintiff regarding his past work and the conditions under which he performed his job of identification checker, and confirmed with the vocational expert that plaintiff's past work as actually performed was within the sedentary residual functional capacity assessed by the ALJ.  AT 23, 36-49.  There was no error in the step four analysis.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

/////

1          2.  The Commissioner's cross-motion for summary judgment (ECF No. 15) is granted;

2    and

3          3.  Judgment is entered for the Commissioner.

4    Dated:  March 21, 2014

5                                              _____

6                                              CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE

7    4 carlson.ss

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7